IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2005-1- MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1, | § § § § § § § | |
| Plaintiff, | § § | Civil Action No. 7:18-cv-110 |
| v. | § § | |
| JESUS ESTRELLA and JENNIFER ESTRELLA, | § § § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Home Equity Loan Trust 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 ("Plaintiff" or "Deutsche Bank"), and files this its *Original Complaint* against Jesus Estrella and Jennifer Estrella ("Defendants"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.  Plaintiff is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. U.S. Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Deutsche Bank is a corporation incorporated under the laws of New York with its principal place of business in California. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C.

§ 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Therefore, Deutsche Bank is a citizen of New York and California for diversity purposes.

2.  Defendant Jesus Estrella is an obligor under the loan agreement and may be served with process at 4648 Fountain Lane, Odessa, Texas 79761, or at such other place as she may be found. Summons is requested.

3.  Defendant Jennifer Estrella is an obligor under the loan agreement and may be served with process at 4648 Fountain Lane, Odessa, Texas 79761, or at such other place as she may be found. Summons is requested.

4.  This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); see also *Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

5. Plaintiff files this suit to seek a declaration from the Court that it has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a secured lien. By seeking declaratory relief to validate its right to foreclose on the Property, Plaintiff has put at issue the entire value of the Property. In 2018, the Ector County Appraisal District valued the property at $270,636.00. Additionally, Plaintiff's counsel anticipates that it will incur $15,000.00 in attorneys' fees for prosecuting this matter. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002). Accordingly, the amount in controversy is in excess of $75,000.00.

6. Venue is proper in this district and division, the United States District Court for the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

5. On or about July 29, 2004, Defendant Jesus Estrella (the "Borrower") executed that certain Promissory Note (the "Note") in the original principal amount of $97,600.00 payable to MILA, Inc. d/b/a Mortgage Investment Lending Associates, Inc. ("Guaranty") and bearing interest at the rate of 7.800% per annum.

6. Concurrently with the Note, the Borrower executed that certain Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting a security interest in certain real property and improvements located in Ector County, Texas, commonly known as 4648 Fountain Lane, Odessa, Texas 79761 and more particularly described as:

> BEING LOT 9, BLOCK 7, UNIVERSITY GARDENS, AN ADDITION TO THE CITY OF ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 16, PAGE 50 & 51, PLAT RECORDS, ECTOR COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Ector County, Texas on August 2, 2004 under Document No. 11494.

7. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

8. Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

9. The Loan Agreement further provides that should the Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

10. The Borrower and Defendant Jennifer Estrella have failed to make payments on the Note and have failed to comply with any and all of the covenants and conditions of the Security Instrument. Notice of default was sent to Borrower in accordance with section 51.002(d) of the Texas Property Code. Additionally, notice of intent to accelerate was provided to the Borrower at his last known addresses. The Borrower failed to cure the default, and the maturity date of the Note had been accelerated through the filing of this suit, thus making all unpaid principal and accrued interest due and payable.

11. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – DECLARATORY JUDGMENT

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

14. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrower's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Jesus Estrella and Jennifer Estrella, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### IV. CAUSE OF ACTION - FORECLOSURE

17. The foregoing paragraphs are incorporated by reference for all purposes.

18. Plaintiff asserts a cause of action for judicial foreclosure against Jesus Estrella and Jennifer Estrella. Plaintiff has fully performed its obligations under the Loan Agreement, however, the Borrower and Defendant Jennifer Estrella have failed to make the payments required under the Note, which constitutes an event of default.

19. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an

order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

20. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Jesus Estrella and Jennifer Estrella for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against the Borrower, or Defendants, personally.

21. All conditions precedent have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Home Equity Loan Trust 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 requests that the Defendants be cited to appear and answer, and that, upon final hearing, the Court enter a judgment declaring that (1) Borrower is in default on his obligations on the Loan Agreement and that (2) Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001; and

(3) authorizing Plaintiff to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure, and awarding attorney's fees, costs and such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**GORDON W. GREEN**
Texas Bar No. 24083102
ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*