IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY HOME EQUITY LOAN TRUST 2005-1-MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1, § § § § § § § § Plaintiff, § § v. § § JESUS ESTRELLA and JENNIFER ESTRELLA, § § § § Defendants. § | Civil Action No. 7:18-cv-110 |

**FIRST AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JESUS ESTRELLA AND JENNIFER ESTRELLA**

Plaintiff Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Home Equity Loan Trust 2005-1 Mortgage Pass-Through Certificates, Series 2005-1 ("Plaintiff" or "Deutsche Bank") files this, its *First Amended Motion for Default Judgment Against Defendants Jesus Estrella and Jennifer Estrella* and respectfully shows as follows:

**I.**

1.  Plaintiff is Deutsche Bank. Defendants are Jesus Estrella and Jennifer Estrella (the "Defendants").

2.  Plaintiff filed its *Original Complaint* on June 21, 2018 (the "Complaint"). (ECF Document No. 1.)

3.  On August 18, 2018, Plaintiff completed service on Defendant Jesus Estrella by personally servicing the summons and Complaint on himself at 4648 Fountain Lane, Odessa,

Texas 79761. (ECF Document No. 5). His answer or other response to the Original Complaint was due on or before September 3, 2018. FED. R. CIV. P. 12(a)(1)(A)(i).

4. On September 18, 2018, Plaintiff filed its Motion for Substituted Service on Defendant Jennifer Estrella, chronicling Plaintiff's attempts to serve Defendant at her homestead property, initially believed to be 4648 Fountain Lane, Odessa, Texas 7976 and since determined to be 3402 N Washington Ave, Odessa, Texas 79764-6856 ("Property"). (ECF Document No. 6). The Court granted the Motion for Substituted Service and provided that Plaintiff was authorized to substitute service on Defendant Jennifer Estrella in this case by either leaving a copy of the summons and Complaint with anyone over the age of sixteen (16) at the Property or by securing a true copy of the summons and Complaint to the front door of the Property. (*See* ECF Case Docket).

5. On February 20, 2019, Plaintiff completed service on Defendant Jennifer Estrella by personally servicing the summons and Complaint on an individual over the age of sixteen (16) at the Property. (ECF Document No. 11). Her answer or other response to the Complaint was due on or before March 17, 2019. FED. R. CIV. P. 12(a)(1)(A)(i).

6. Defendants have not answered or otherwise appeared in this action.

7. The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

8. On March 21, 2019, the Court entered its Sua Sponte Order for Entry of Default on Answering. (ECF Document No. 12). The Court ordered the Clerk of the Court to record entry of default on answering against the Defendants. (*Id.*) On March 21, 2019, *Entry of Default* as to Defendants was filed by the Clerk of the Court because Defendants did not file a responsive

pleading within 21 days after service of the Complaint. (ECF Document No. 13). Defendants have not otherwise attempted to defend against the Complaint. *See* FED. R. CIV. P. 55.

9. Plaintiff meets the requirements for obtaining an entry of default, as demonstrated by the *Declaration of Jonathan C. Smith* attached hereto as Exhibit A and incorporated by reference for all purposes.

10. Defendants are not on active duty military status. *See* Exhibit A-1.

11. Plaintiff is entitled to an entry of default as to Defendants because they did not answer or otherwise defend the Complaint.

12. Plaintiff now asks the Court to render default judgment against Defendants Jesus Estrella and Jennifer Estrella.

## II.

13. The Court should render a default judgment against Defendants because they have not filed a responsive pleading or otherwise defended the claims against them. Such default constitutes an admission by Defendant of all allegations in Plaintiff's Complaint. Thus, Plaintiff is entitled to a default judgment on liability and damages. With regard to the issue of damages, Plaintiff does not seek monetary damages against Defendants, but instead seeks a judgment allowing foreclosure of Defendants' interests in the real property commonly known as 4648 Fountain Lane, Odessa, Texas 79761 ("Property"), and more particularly described as follows:

> BEING LOT 9, BLOCK 7, UNIVERSITY GARDENS, AN ADDITION TO THE CITY OF ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 16, PAGE 50 & 51, PLAT RECORDS, ECTOR COUNTY, TEXAS.

Therefore, no hearing is necessary to establish the amount of Plaintiff's damages.

14. Plaintiff requested reasonable and necessary attorney's fees against the Defendants based on Texas Civil Practice and Remedies Code Chapter 38 and the terms of the

loan documents executed by the Defendants. Plaintiff is entitled to attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. Plaintiff presented its claim for payment to the Defendants. But Defendants have not tendered the amount owed. More than thirty (30) days have expired since the claim was presented.

15. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by Defendants under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants Jesus Estrella and Jennifer Estrella on all claims against them in Plaintiff's Original Complaint, and award the following relief:

1. Judgment against Defendants declaring that the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

2. Judgment against Defendants declaring that Plaintiff may foreclose on the Property pursuant to the Security Instrument and Texas Property Code section 51.002; and

3. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: /s/ Jonathan C. Smith
   **MARK D. CRONENWETT**
   Attorney-in-Charge
   Texas Bar No. 00787303
   mcronenwett@mwzmlaw.com

   **JONATHAN C. SMITH**
   Texas Bar No. 24103940
   jsmith@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2685 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of September, 2019 a true and correct copy of the foregoing document was delivered to the following parties in the manner described below:

**Via Certified Mail # 9314 7699 0430 0063 2552 53**
Jesus Estrella
4648 Fountain Lane
Odessa, Texas 79761
*Defendant*

**Via Certified Mail # 9314 7699 0430 0063 2553 07**
Jennifer Estrella
3402 N. Washington Ave.
Odessa, Texas 79764-6856
*Defendant*

   /s/ Jonathan C. Smith
   **JONATHAN C. SMITH**